# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JESSIE RAY THACKER, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00226 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SWVRJA-DUFFIELD,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jessie Ray Thacker, Jr., Pro Se Plaintiff.*

The plaintiff, Jessie Ray Thacker, Jr., a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Thacker has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, I conclude that this action must be summarily dismissed.

Thacker's Complaint names as the only defendant "SWVRJA-Duffield." Compl. 1, ECF No. 1. As relief in the lawsuit, Thacker seeks "Justice for being treated like being nothing or anybody." *Id.* at 2. Thacker's allegations are similarly vague. He alleges that when he asked about communicating with his family as an indigent inmate, officers referred him to the Commissary. He alleges that he has been harassed, taunted, and provoked in unspecified ways by unspecified officials and that he has had unspecified items withheld by unnamed officers. Thacker also

alleges that his requests for "Sadist information" have met with officers' laughter and refusal to aid him in seeking such information. *Id.* at 4.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Thacker is apparently suing the Southwest Virginia Regional Jail Authority ("SWVRJA") and/or the jail it operates in Duffield, Virginia. A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992), Thus, Thacker has no actionable claim against the Duffield jail facility itself.

To the extent that Thacker also sues the jail authority as a defendant, his § 1983 claims fail on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation,

or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Thacker has not stated facts showing that jail authority policies have caused any particular violation of his constitutional rights, as required to present a viable § 1983 claim against this defendant.

Because Thacker's § 1983 claims cannot proceed against the only defendants he has named, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. Such a dismissal leaves Thacker free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

An appropriate Order will enter this day.

DATED: June 6, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] The court's recognition of Thacker's opportunity to amend and resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state a proper § 1983 claim against any person employed at the jail or the jail authority.